**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

**In re: Kossoff PLLC,**

     **Debtor.**                                                           **Bankruptcy Case No. 21-10699-dsj**

-----------------------------------------------------------X

**Albert Togut, Not Individually but Solely in His**
**Capacity as Chapter 7 Trustee of the**
**Estate of Kossoff PLLC,**

     **Plaintiff,**

-against-                                                  **Adversary Proceeding No.**
                                                              **23-01080-dsj**

**Bruce Barasky,**
     **Defendant(s).**
-----------------------------------------------------------X

**Motion to Withdraw the Reference and Dismiss the Case**

Bruce Barasky, a non-debtor/creditor moves, the United States District Court of the Southern District of New York for relief of withdrawal of the reference, 28 U.S. C. § 157(d) provided for by the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012, of the underlying adversary proceeding and thereupon dismissal of the case pursuant to Rule 12(b)(6). The reason for the withdrawal of reference is Mr. Barasky demands to be heard by an article III judge and does not consent to the bankruptcy court hearing the matter on any level including for finding of facts and conclusion of law. "Our precedents make it clear that the constitutional requirements for the exercise of the judicial power must be met at all stages of adjudication, and not only on appeal, where the court is restricted to considerations of law, as well as the nature of the case as it has been

1

shaped at the trial level." *N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 86 (1982).

All responses be filed as per federal rules of civil procedures applicable to the bankruptcy proceeding and as directed by the related statutes.

Dated: New York New York
May 4, 2023

<u>/s/karamvirdahiya</u>
Karamvir Dahiya
Dahiya Law Offices LLC
75 Maiden Lane Suite 606
New York New York 10038
Tel: 212 766 8000
karam@dahiya.law

**Defendant's Motion for Withdrawal of Proceeding to the District Court**
**&**
**Dismissal of the Adversary Complaint**

The defendant, Bruce Barasky (Barasky) hereby moves, pursuant to 28 U.S.C. § 157(d), for the withdrawal of this adversary proceeding from the Bankruptcy Court to the District Court and request dismissal of the filed adversary complaint against the movant defendant. As grounds for this motion, he avers: right to an adjudication by an article III judge.

Under 28 U.S.C. § 157(d) the district court may withdraw all or part of a case or proceeding from the bankruptcy court, on its own motion or on motion of a party. Withdrawal on timely motion is mandatory when resolution of a proceeding requires consideration of both title 11 and other federal laws regulating organizations or activities affecting interstate commerce. 28 U.S.C. § 157(d). Defendant is a resident of New Jersey.

On April 3, 2023, Albert Togut (Togut or Trustee), the bankruptcy trustee started the underlying adversary proceeding premised upon preference (11 USC 547) and fraudulent conveyance (11 U.S.C. § 548). **Ex. A.** Both actions are "suits at common law" for Seventh Amendment purposes and that a bankruptcy judge may not enter a final judgment in suits at common law, even if such a case is denominated as a "core proceeding" under 28 U.S.C. § 157. *Penson Fin. Serv., Inc. v. O'Connell* (In re A*rbco Capital Mgmt.,* LLP), --- F. Supp. 2d ---, No. 11 Civ. 6586, 2012 WL 2852619 (S.D.N.Y. July 12, 2012) (determining that bankruptcy courts do not have constitutional authority to enter final orders in fraudulent conveyance and preference actions; fraudulent conveyance claims involve private rights and under the logic of *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011), an Article III court must enter the final judgment in such claims; preference claims are private right matters when the defendant has not filed a proof of claim).

3

The Complaint is a cookie cutter complaint, probably the numbers have changed, the facts have remain same for several other complaints filed by the trustee. No individuated attention has been paid to the complaints drafted. Same complaints with the same facts have been filed. The factual allegations here encompassed over paragraphs numbered 12 to 34 are generic characterization of the law practices and escrow account maintenance of the Kossoff PLLC. Thus, the complaint is what was admonished by the First Circuit,

> [T]he complaint must be anchored in a bed of facts, not allowed to float freely on a sea of bombast. That is to say, a court assessing a claim's sufficiency has no obligation to take matters on blind faith; "despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation."

*Miranda v. Ponce Fed. Bank,* 948 F. 2d 41, 44 (1st Cir. 1991) (citations omitted). See, also, *Old Time Enters., Inc. v. Int'l Coffee Corp.*, 862 F. 2d 1213 (5th Cir. 1989) (dismissing complaint that reflected "a perhaps somewhat fervid desire to cover all even remotely conceivable theories while retaining a level of generality and indefiniteness that would mask any legal deficiencies and preclude effective challenge. That. . . only leads to essentially nothing being alleged, for the needle in the haystack might as well not be there"). This is precisely what is happening here. The Trustee could have asked for information, could have conducted a FRBP 2004 examination. Lot of these complaints were not even necessary.

Togut claims that the transfer of $210,000 **(Amount)** to Barasky on February 16, 2021 was a preference payment and a fraudulent conveyance. However, their own facts which Togut should have familiarized himself would have found that it was neither a preference nor a fraudulent conveyance. Barasky has received the said payment as an advance for sale his real property located 135 Read Street, York NY 10013 (**Real Property**). See Affidavit of Liwu Hong and attachments.

4

So, the first thing first, the money Amount was not property of the estate. And even if it had not left the escrow, it would not have been property of the estate. It was third-party money. It was of buyer of the Real Property whose money was in the escrow account. It was 135 Read St. LLC money transferred to Barasky. Property held in escrow is third party's money. The "[c]ourts of bankruptcy recognize that money held in escrow is not property which vests in the trustee in bankruptcy." *Matter of O.P.M. Leasing Servs., Inc.*, 46 B.R. 661, 667–68 (Bankr. S.D.N.Y. 1985) (quoting *Gulf Petroleum, S.A. v. Collazo,* 316 F.2d 257, 261 (1st Cir.1963)). It is *Kossoff* attorney sending the buyer's money to the seller as a consideration for the sale of Real Property. When did the Amount ownership rest with Kossoff? Never. Kossoff never even had the right to withdraw money to himself. And if he had done so, it was theft. Kossoff intermingling the funds does not make a difference. Money is fungible, yes. But how does that alter the character of the Amount. Amount belonged to the buyer which was marked for the seller and it comes to Barasky, the seller. See *In re Computrex, Inc.* 403 F.3d 807 (6th Cir. 2005)(dismissing preference action because funds disbursed by debtor were not part of debtor's estate as debtor was merely disbursing agent). See *Begier v. Internal Revenue Serv.*, 496 U.S. 53, 110 S. Ct. 2258, 110 L. Ed. 2d 246 (1990) (excise taxes that are supposed to be held by businesses in trust for the IRS are trust property of the IRS regardless of whether they are held in the debtor's general account; therefore, payments of those funds to the IRS cannot be preferential even if made within ninety days of the debtor's bankruptcy). So, the property not being property of the estate, it would not be a subject of either preference or fraudulent conveyance.

*Second*, there was no relationship of debtor-creditor between Kossoff and Barasky. There was no obligation owed to each other. Actually, Kossoff was fired by the buyer as their attorney

and it was a different attorney that performed the closing on the Real Property. See attached Affidavit.

*Third*, the Amount paid here was not or on account of past due debt owed by the debtor before the payment was made. Kossof, the Debtor was an attorney of the buyer of Real Property.

The buyer received the Real Property and seller, Barasky received the payment of the said transfer. Kossoff as stated did not have any creditor debtor relationship with Barasky. And even if say that they were debtor and creditor for argument's sake, then also the defenses of ordinary course transaction or a contemporary exchange applicable herein exempts it from avoidance action either as a preference or a fraudulent conveyance. As soon the money was received the property title was transferred to the buyer. Barasky sold his Real Property.

Barasky here has produced what the Trustee is deemed to have had and have the knowledge of the transaction and the paperwork. To state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion for dismissal of a complaint may be granted for "failure to state a claim upon which relief can be granted." When considering a motion to dismiss, courts "must accept as true all allegations contained in a complaint," but need not accept "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. Id. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. at 678. When evaluating a Rule 12(b)(6) motion, in addition to the facts alleged in the pleadings, "the court may also consider documents deemed to be 'integral' to the pleading." *Morrison v. Hoffman-LaRoche, Inc.*, No. 14-CV-4476, 2016 U.S. Dist. LEXIS 135291, at *9 (E.D.N.Y. Sept.

29, 2016). The court may take a document integral to the complaint "into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." *Int'l Audiotext Network v. American Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (citation omitted). "The 'integral' exception is most often applied to documents upon which 'the plaintiff's complaint stands or falls, but which for some reason – usually because the document, read in its entirety would undermine the legitimacy of the plaintiff's claim – was not attached to the complaint.'" *Morrison,* 2016 U.S. Dist. LEXIS 135291, at *10 citing, G*lobal Network Commc'ns v. City of New York,* 458 F.3d 150, 157 (2d Cir. 2006). "The exception thus prevents plaintiffs from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting." Id. We have produced those documents here. See affidavit of the closing attorney and the contract executed between Barasky as seller and 135 Read St. LLC as buyer.  Here the contract and executed paperwork regarding closing is integral to the Complaint and known to Togut and should be considered by the Court under Rule 12 standard. The Contract show the relationship of the parties.

Togurt cannot amplify the facts or the estate, he has to find the estate as it is. He gets what Kossoff would have received. But here there was nothing for Kossof to receive, hence there is no claim of Togurt under 11 U.S.C § 547. See *Begier v. IRS*, 496 U.S. 53, 59, 110 S. Ct. 2258, 110 L. Ed. 2d 46 (1990) ("'property of the debtor' subject to the preferential transfer provision is best understood as that property that would have been part of the estate had it not been transferred before the commencement of bankruptcy proceedings."). Here there was none.

Similarly, about a claim under fraudulent conveyance, how can it be subjected to a section 548 claim, when the Amount was not property of the estate. Under section 541 of the Bankruptcy Code, property of the estate includes all legal or equitable interests of the debtor in property as of

the commencement of the case. Despite the broad sweep of section 541, the Supreme Court has noted that not all property in which the debtor holds an interest ought be included. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204, 103 S.Ct. 2309, 2313, 76 L.Ed.2d 515 (1983). Specifically, the Court in *Whiting Pools* noted that Congress, in enacting the Code, "intended to exclude from the estate property of others in which the debtor had some minor interest such as a lien or bare legal title." 462 U.S. at 204, n. 8, 103 S.Ct. at 2313, n. 8.  Here, Kossof was not even a lien or a bare legal title holder.   The Contract and its closing is clear that, Kossoff was there only as  an attorney for the buyer of the Real Property.   And it acted as a medium to transfer the downpayment.  Kossoff had no ownership interest in the Amount. Then the claim for fraudulent conveyance does not apply here.

For section 548 to apply there must be a transfer of an "interest of the debtor in property." 11 U.S.C. § 548(a)(1). When the Kossof was a mere medium, it never was an owner of the funds. It transferred the buyer funds to Barasky for the sale of the Real Property. *Nordberg v. Sanchez (In re Chase & Sanborn Corp.)*, 813 F.2d 1177 (11th Cir. 1987) (funds wire transferred through debtor's account never became "interest of the debtor in property" in light of debtor's lack of control over them). Even if the Amount came from comingled by Kossof. *Mitsui Mfrs. Bank v. Unicom Computer Corp. (In re Unicom Computer Corp.),* 13 F.3d 321, 324–325 (9th Cir. 1994) (transfer of funds mistakenly deposited to debtor's account and remitted to proper party could not subject to avoidance because, under state law, debtor held such funds subject to constructive trust). See also, *Daly v. Kennedy* (*In re* Kennedy), 279 B.R. 455, 458–59 (Bankr. D. Conn. 2002) (debtor-attorney's transfers of client trust funds to spouse could not be avoided under § 548; debtor-attorney had no interest in such funds that could be attached by creditors).

8

Based on the foregoing, since the funds in question was never a property of the estate, there is no application of preference or fraudulent conveyance claims. Thus, the alleged claims under 11 U.S.C. §§ 502, 547, 548 and 550 does not apply and the case should be dismissed after withdrawal of the reference. The case should be withdrawn because, finding of facts and conclusion of law by the bankruptcy court and then *de novo* appreciation of the findings and the application of law under 28 U.S.C. §157 (c) would only delay the process and multiply proceedings.

Dated: New York NY
May 4, 2023

*/s/karamvirdahiya*
Karamvir Dahiya
Dahiya Law Offices, LLC
75 Maiden Lane Suite 606
New York New York 10038
Tel: 212 766 8000